Matter of Kabzan (2025 NY Slip Op 00095)

Matter of Kabzan

2025 NY Slip Op 00095

Decided on January 8, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2024-05751

[*1]In the Matter of Simon Kabzan, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Simon Kabzan, respondent. (Attorney Registration No. 5227798)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 11, 2014.

David W. Chandler, Brooklyn, NY, for petitioner.

PER CURIAM.

OPINION & ORDER
On July 2, 2024, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated June 3, 2024, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges of professional misconduct, alleging that the respondent neglected a legal matter entrusted to him, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaged in conduct that adversely reflects on his fitness as a lawyer by failing to finalize a divorce proceeding for approximately six years and misrepresenting the status of the matrimonial matter to his client by sending his client documents purporting to be the judgment of divorce, in violation of rules 1.3(b) and 8.4(c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the petition together with proof of service of the answer upon the Grievance Committee within 20 days after service upon him of the petition. To date, the respondent has neither served nor filed an answer to the petition as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established and to impose such discipline upon the respondent as this Court deems appropriate based upon his default in filing an answer to the petition. Although the motion papers were duly served upon the respondent on August 1, 2024, he has neither opposed the default motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated June 3, 2024, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the petition dated June 3, 2024, established based upon the default of the respondent, Simon Kabzan, is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Simon Kabzan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Simon Kabzan, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Simon Kabzan, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Simon Kabzan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court